IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON P. O'NEAL,

                   Plaintiff,                        OPINION AND ORDER

v.

                                                       21-cv-392-wmc

KAY VALDES,

                   Defendant.

---

      In 2016, plaintiff Jason O'Neal was mistakenly sentenced in state court to three years of probation for bail jumping, which exceeded the two-year statutory maximum. A little more than two years later, O'Neal's probation was revoked for violating the conditions of his probation despite having already served more than the statutory maximum sentence. The state court proceeded to sentence O'Neal to an additional nine months of incarceration. O'Neal went on to serve several months on this revocation sentence before the error was finally discovered, and he was released. O'Neal later filed this action against his probation officer, defendant Kay Valdes, for allegedly violating his Eighth Amendment rights in initiating the revocation proceedings that resulted in his being wrongfully incarcerated. Valdes has moved for summary judgment, arguing that O'Neal cannot prove that she acted with deliberate indifference. (Dkt. #17.) The court agrees, so the motion will be granted.

UNDISPUTED FACTS[1]

On June 14, 2016, plaintiff Jason O'Neal pleaded guilty in Dane County Circuit Court to one count of battery with a domestic abuse modifier, one count of disorderly conduct with a domestic abuse modifier, and one count of bail jumping. A state court judge sentenced O'Neal to three years of probation on each count. The three-year probation sentences on the battery and disorderly conduct charges were within the statutory sentencing range, but the sentence on the bail jumping count exceeded the statutory maximum of two years set forth in Wis. Stat. § 973.09(2)(a)(2).

In July 2018, after O'Neal's bail jumping probation should have ended, but before his probation for his battery and disorderly conduct convictions expired, O'Neal was arrested and charged with additional offenses. Defendant Kay Valdes, O'Neal's probation officer, recommended that O'Neal's probation be revoked on all three previous convictions. She prepared a revocation summary, recommending that O'Neal be sentenced to concurrent sentences of nine months in jail on the battery conviction, three months in jail on the disorderly conduct conviction and nine months in jail on the bail jumping conviction. In preparing the summary and recommendation, Valdes relied on the sentences previously imposed by the court, but did not verify whether each of the three sentences were lawful. An administrative law judge agreed with Valdes's recommendation and revoked O'Neal's probation.

---

[1] Unless otherwise indicated, the following facts are material and undisputed. The court has drawn these facts from the parties' proposed findings of fact and responses, as well as the underlying evidence as appropriate.

At O'Neal's formal sentencing after the revocation hearing, at which Valdes was *not* present, the prosecutor asked the state court judge to sentence O'Neal on the same terms that Valdes recommended. After conferring with O'Neal's defense attorney, the state court judge determined that O'Neal had already earned 234 days in jail credit and sentenced O'Neal to nine months in jail on the original battery charge and 41 days in jail on the disorderly conduct charge, which she deemed served based on his jail credit. The judge then sentenced O'Neal to an additional nine months in jail on his original bail jumping conviction, not realizing that his probation on the bail jumping charge should have already been deemed expired.

As mentioned already, O'Neal served part of his nine-month revocation sentence before the error was discovered. In January 2020, a hearing was held at which O'Neal's sentence was vacated. To her credit, the state court judge apologized to O'Neal, acknowledging that she had followed the joint recommendation of three years of probation on the bail jumping charge made by the Dane County District Attorney's Office and O'Neal's defense counsel without checking whether that recommendation was lawful under the sentencing statute. She added that the Department of Corrections, the prosecutor and O'Neal's defense attorney all should have discovered or known that a three-year probation term for bail jumping was improper. Of course, none of this was able to return the extra jail time O'Neal served as a result.

OPINION

O'Neal received an unlawful, original sentence on his bail jumping conviction, which later resulted in his erroneous revocation and jail sentence for that same crime.

3

However, to succeed on his Eighth Amendment claim against defendant Valdes, O'Neal must present evidence showing that his unlawful sentence, revocation and jail sentence was the result of Valdes's deliberate indifference to his constitutional rights. *See Figgs v. Dawson*, 829 F.3d 895, 902–03 (7th Cir. 2016) ("Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference."); *Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015) ("A plaintiff states a claim for an Eighth Amendment violation if he is detained in jail [or prison] for longer than he should have been due to the deliberate indifference of corrections officials."). Unfortunately for O'Neal, that standard "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (quoting *Figgs*, 829 F.3d at 902.)

    O'Neal has not met that standard. Although O'Neal argues that Valdes should not have initiated revocation proceedings based on his bail jumping conviction, he is forced to concede that she lawfully initiated revocation on the battery and disorderly conduct charges for which his term of probation had *not* legally expired. O'Neal also concedes that Valdes did not know at the time she recommended revocation that his three-year bail jumping sentence had been unlawful. Nevertheless, O'Neal argues that Valdes should have ensured that his sentence was lawful before recommending a nine-month jail sentence on that conviction. However, even if it would have been a better practice for Valdes to review each of the three statutes under which O'Neal was originally sentenced, her failure to do so could be found negligent *at most*. As importantly, no reasonable jury could find that

4

Probation Officer Valdes acted with deliberate indifference by relying on the sentence imposed by a state court judge, especially when based on a joint recommend of both the district attorney's office and defense counsel.

Moreover, even if a reasonable fact-finder *could* conclude that Valdes was deliberately indifferent, summary judgment would still be appropriate here on grounds of qualified immunity. That doctrine shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. *Reichle v. Howards*, 566 U.S. 658, 664 (2012). In other words, qualified immunity "shields from liability [state officials] 'who act in ways they reasonably believe to be lawful.'" *Jewett v. Anders*, 521 F.3d 818, 822 (7th Cir. 2008) (*quoting Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).

O'Neal has failed to identify any clearly established law that precluded Valdes from relying on a previous sentence imposed by a judge to recommended revocation and a revocation sentence on O'Neal's bail jumping charge. Instead, O'Neal cites several cases that stand for the general proposition that "confining a person beyond the expiration of their sentence is a violation of the Eighth Amendment." (O'Neal Br. (dkt. #23) 3, 5.) However, Valdes did not confine O'Neal past the expiration of his sentence; O'Neal was confined unlawfully as the result of the state court's original sentencing error, compounded by a revocation sentence that Valdes neither recommended (at least in the piecemeal fashion imposed) nor was present to question. Regardless, O'Neal cites *no* cases in which a probation officer was found to have violated the Eighth Amendment by failing to discover and correct a court's sentencing error under remotely similar circumstances. *See Rivas-*

*Villegas v. Cortesluna*, 142 S. Ct. 4, 8 (2021) (qualified immunity inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition") (citations omitted).  Accordingly, Valdes is also entitled to qualified immunity from any award of damages.

ORDER

IT IS ORDERED that

1) Defendant Kay Valdes's motion for summary judgment (dkt. #17) is GRANTED.

2) The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 8th day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge